FILED

**NOT FOR PUBLICATION**

NOV 13 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARLOCK SINGH, AKA Tarlochan Singh, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 09-73798 <br><br> Agency No. A073-133-622 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 12, 2014
San Francisco, California

Before: FISHER, BERZON and CHRISTEN, Circuit Judges.

Tarlock (aka Tarlochan) Singh petitions for review of the Board of

Immigration Appeals' (BIA) decision dismissing his appeal of an immigration

judge's (IJ) decision finding him excludable and denying his claims for asylum,

withholding of removal and protection under the Convention Against Torture

(CAT). We deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  Even assuming the IJ and the BIA erred by relying on the airport interview statement as a source of impeachment, substantial evidence supports the adverse credibility determination. In a statement included with his 1994 asylum application, Singh testified with respect to his second arrest that he spent four days in jail. He later testified he was held overnight. In the same 1994 declaration, Singh testified that, following his third arrest, police came to his house to harass him exactly two times. He later testified it was approximately 10 times and definitely was not two times. These inconsistencies went to the heart of Singh's asylum claim because they "concern[ed] events central to [his] version of why he was persecuted and fled." *Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006). The BIA, moreover, was not required to credit Singh's explanation that these inconsistencies were the product of carelessness on the part of his former attorney, especially in light of the absence of any evidence to support that explanation. These two inconsistencies alone are sufficient to sustain the adverse credibility determination. *See Khadka v. Holder*, 618 F.3d 996, 1000 (9th Cir. 2010) ("As long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, we are bound to accept the negative credibility finding.").

In addition, the record contains numerous other instances of Singh's false and inconsistent statements, many of which he ultimately acknowledges were false.

2

He gave false statements about his name, date of birth and place of entry into the United States in an apparent effort to mislead immigration officials. Regardless of whether these statements go to the heart of the claim, they plainly lend additional support to the adverse credibility finding. *See Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story. There are strictly limited instances when we overlook an alien's decision to mislead immigration officials . . . ."); *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (noting that "a pattern of clear and pervasive inconsistency or contradiction" will support an adverse credibility determination).

2. In light of the adverse credibility determination, substantial evidence supports the BIA's denial of asylum, withholding of removal and CAT relief. The BIA was not required to give substantial weight to two declarations submitted by Singh's father.

For these reasons, Singh's petition for review in No. 09-73798 is denied. We address Singh's petition for review in consolidated case No. 10-72626 by separate disposition.

**PETITION DENIED.**